**Denton v. Nguyen**

C.P. of Fulton County, no. 52 of 1996-C.

*Robert F. Claraval,* for plaintiffs.
*Stephen E. Moore,* for defendant Nguyen.
*Joseph A. Ross,* for defendant State Farm Mutual Insurance Co.

WALKER, *P.J.,* March 21, 2000—

## FACTUAL AND PROCEDURAL HISTORY

On November 27, 1994, the plaintiffs and defendant Drur Phouc Philip Nguyen were involved in a car accident. At the time of the accident, Nguyen was employed by defendant General Motors Corporation. As a fringe benefit for its employees, GM maintained a "car pool" which allowed employees to borrow its vehicles for personal use. Nguyen, who did not own his own vehicle, had borrowed a vehicle from GM to use during his trip to visit his parents over the Thanksgiving weekend. Nguyen was driving this GM car at the time of the accident.

As a result of the accident, plaintiffs filed suit on March 25, 1996. With regard to GM, plaintiffs alleged that GM had negligently entrusted its vehicle to Nguyen or that GM is liable under the theory of respondeat superior. A pretrial conference was held on August 26, 1999. The trial was originally scheduled to begin on February 7,

2000. Due to a scheduling problem, jury selection is now scheduled for April 24, 2000. The trial in this matter is now scheduled to begin on May 31, 2000.

On February 3, 2000, plaintiffs, for the first time, served GM with interrogatories and a request for production of documents. The discovery requests concern GM's policies in providing the vehicle to Nguyen. They also seek specific information about what happened to the vehicle after the accident. GM filed a motion for a protective order, arguing that the plaintiffs were attempting to raise a products liability claim on the eve of trial. Alternatively, GM argues that the discovery requests are duplicative of the discovery directed to Nguyen.

## DISCUSSION

"There are no hard-and-fast rules as to how a motion for a protective order is to be determined by the court. Whether to grant or deny the motion and what kind or kinds of protective orders to issue are matters that lie within the sound judicial discretion of the court . . . ." *Hutchison v. Luddy,* 414 Pa. Super. 138, 144, 606 A.2d 905, 908 (1992).

In the present case, the accident giving rise to the litigation occurred on November 27, 1994. This lawsuit was filed on March 25, 1996. A pretrial conference was held on August 26, 1999. The trial in this matter was originally scheduled to begin on February 7, 2000. However, the trial is now scheduled to begin on May 31, 2000, with jury selection scheduled to take place on April 24, 2000.

Plaintiffs served GM with interrogatories and a request for production of documents for the first time on February 3, 2000. Some of the discovery requests concern

GM's policies in providing a vehicle to Nguyen. Because the accident occurred five and one-half years ago and the lawsuit was filed four years ago, plaintiffs had a sufficient opportunity to serve GM with these discovery requests prior to the trial being scheduled. Because the trial in this matter is scheduled to begin in approximately five weeks, plaintiffs waited too long to serve GM with the discovery requests concerning GM's policies in providing a vehicle to Nguyen.

Furthermore, 39th Jud.Dist.C.R. no. 39-212.2 states that "[n]o pretrial conference shall be scheduled until all pretrial motions, petitions, answers and objections have been disposed of, discovery is completed and the case is ready for trial." There was a pretrial conference on August 26, 1999. Therefore, all discovery should have been completed as of August 26, 1999. Because plaintiffs did not serve the supplemental discovery requests on GM until February 3, 2000, the discovery requests are untimely. It should be noted that this trial was originally scheduled for February 7, 2000. Presumably, plaintiffs were prepared to proceed with the trial without these supplemental discovery requests if the trial had begun as originally scheduled.

With regard to the discovery requests about what happened to the vehicle after the accident, these discovery requests are also untimely for the reasons noted above. They are also irrelevant. This case concerns the accident that occurred on November 27, 1994, and GM's decision to provide a vehicle to Nguyen. This lawsuit does not involve an issue regarding what happened to the vehicle after the accident. Therefore, these discovery requests are irrelevant as well as untimely.

## ORDER

March 21, 2000, after consideration of defendant's motion for a protective order, plaintiffs' answer, and the briefs submitted to the court, defendant's motion for a protective order is granted. Plaintiffs' supplemental request for production of documents and plaintiffs' supplemental interrogatories addressed to General Motors Corporation are stricken.